The Honorable Stanley A. Bastian

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROGER ROGOFF,

                 Plaintiff,

                 v.

DONALD TRUMP, in his official capacity
as President of the United States;
EXECUTIVE OFFICE OF THE
PRESIDENT; TODD BLANCHE, in his
official capacity as Acting Attorney
General of the United States; and U.S.
DEPARTMENT OF JUSTICE,

                 Defendants.

No. 2:26-cv-02566-SAB

**DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER AND, IN THE ALTERNATIVE, OF RECUSAL**

Noted for Consideration:
August 18, 2026

Defendants Donald J. Trump, the President of the United States; the Executive Office of the President; Todd W. Blanche, the Acting Attorney General of the United States; and the U.S. Department of Justice, respectfully submit this Suggestion of Reassignment by Ninth Circuit Order and, in the Alternative, of Recusal pursuant to 28 U.S.C. § 455(a). When the judge assigned to a case disqualifies himself or herself, that judge "simply steps aside and allows the normal administrative

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER
AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 1

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

processes of the court to assign the case to another judge not disqualified." *United States v. Will*, 449 U.S. 200, 212 (1980). But here, the judge assigned to the case both recused *and* chose to reassign the case to the Court's sole regular visiting judge. That move distinguishes this case's judicial assignment from the process used in other recent cases within the Ninth Circuit involving the authority of U.S. Attorneys. Defendants respectfully suggest that the Court correct this error by referring the case to the Chief Judge of the United States Court of Appeals for the Ninth Circuit for reassignment independent of any recused or regular visiting judge within this judicial district. Alternatively, Defendants respectfully suggest the recusal of Chief Judge Stanley A. Bastian based on his pre-existing and continuing service to this Court as a regular visiting judge.

## BACKGROUND

In May 2024, this Court appointed Tessa Gorman to be the U.S. Attorney for the Western District of Washington. *See* General Order 06-24, *In the Matter of the Appointment of Tessa Gorman as United States Attorney* (W.D. Wash. May 9, 2024). After taking office, President Trump removed Gorman from her position in February 2025, upon which the first assistant U.S. attorney became the acting U.S. attorney under the Federal Vacancies Reform Act. Compl. ¶ 34. On October 6, 2025, the Attorney General appointed Charles Neil Floyd to serve as the U.S. attorney pursuant to her authority under 28 U.S.C. § 546(a). *Id.* ¶ 35. In January 2026, with the 120-day limit approaching, this Court issued an order stating its "inten[t] to appoint a United States Attorney under section 546(d) to serve until the vacancy is filled" by Presidential appointment and Senate confirmation. Order, *In re: the*

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER
AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 2

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

*Possible Appointment of a United States Attorney Pursuant to 28 U.S.C. § 546(d)* (W.D. Wash. Jan. 14, 2026) (Estudillo, C.J.).

On July 15, the Court appointed Plaintiff Roger Rogoff to serve as the U.S. attorney for the district pursuant to 28 U.S.C. § 546(d). General Order 09-26, *In re: Appointment of Roger Scott Rogoff as United States Attorney Pursuant to 28 U.S.C. § 546(d)* (W.D. Wash. July 15, 2026). That same day, as he has several other times recently without judicial challenge,[1] the President removed Rogoff from his post. Compl. ¶ 44. An email sent from the Office of Presidential Personnel at the President's direction explained to Rogoff the authority for doing so. "[P]ursuant to [the President's] authority under 28 U.S.C. 541(c) and Article II of the Constitution," Rogoff was "hereby removed from the office of the United States Attorney for the Western District of Washington." ECF No. 12-5.

On July 21, Rogoff filed a complaint in this Court to undo his removal, naming the President, the Executive Office of the President, the Acting Attorney General, and the Department of Justice as Defendants. ECF No. 1. Rogoff also filed a motion for a preliminary injunction, which Defendants will respond to on or before August 11, 2026. ECF No. 8. The case was originally assigned to the Honorable Ricardo S. Martinez. Judge Martinez entered a minute order stating:

> The Honorable Ricardo S. Martinez recuses himself and the case is hereby transferred to a judge from outside this district consistent with the Ninth Circuit's December 10, 2025, General Designation of a District Judge for Service in Another District Within the Ninth District. *See* 28 U.S.C. § 292(b).

---

[1] *See* Compl. ¶ 51 (District of New Jersey); ¶ 59 (Northern District of New York); ¶ 65 (Eastern District of Virginia).

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 3

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

ECF No. 14. That designation, signed by Chief Judge Murguia of the U.S. Court of Appeals for the Ninth Circuit on December 10, provided:

> Pursuant to 28 U.S.C. § 292(b), I hereby designate the Honorable Stanley A. Bastian, Chief District Judge of the Eastern District of Washington, to temporarily perform the duties of United States District Judge on an as-needed basis for the Western District of Washington, beginning on January 1, 2026, and ending on December 31, 2026, and for such additional time required in advance to prepare or thereafter to complete unfinished business.

*General Designation of a District Judge for Service in Another District within the Ninth Circuit* (December 10 General Designation), No. 2:26-mc-2 (Jan. 1, 2026), ECF No. 2. Based on this General Designation, Chief Judge Bastian is identified on the webpage of the U.S. District Court for the Western District of Washington as the District's sole visiting judge. *Judges*, U.S. District Court for the Western District of Washington, https://www.wawd.uscourts.gov/judges (May 15, 2026). As a visiting judge for this District, Chief Judge Bastian has heard and continues to hear multiple cases in which the U.S. Attorney's Office for the Western District of Washington represents a party.

Following Judge Martinez's recusal and reassignment order, an entry was added to the docket transferring the case to the Honorable Stanley A. Bastian: "Judge Stanley A. Bastian added. Judge Ricardo S. Martinez no longer assigned to case, per 14 Minute Order."

## **ARGUMENT**

### I.   **THIS CASE SHOULD BE REFERRED TO THE CHIEF JUDGE OF THE NINTH CIRCUIT FOR REASSIGNMENT.**

Defendants respectfully suggest that Judge Martinez erred in participating in

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER
AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 4

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

the case's reassignment. A judicial recusal "must be from a whole proceeding." *United States v. Feldman*, 983 F.2d 144, 145 (9th Cir. 1992); *see also Arnold v. Eastern Air Lines*, 712 F.2d 899, 904 (4th Cir. 1983) ("[A] judge who is disqualified from acting must not be able to affect the determination of any cause from which he is barred."). Thus, "[w]hen a judge is recused, the judge should not take action to influence the appointment of his or her replacement." *Walker v. United States*, 60 M.J. 354, 358 (CAAF 2004) (citing Richard E. Flamm, *Judicial Disqualification: Recusal and Disqualification of Judges*, § 22.3 (1996)); *see also El Fenix de Puerto Rico v. The M/Y Johanny*, 36 F.3d 136, 141 (1st Cir. 1994) ("[A] trial judge who has recused himself 'should take no other action in the case except the necessary ministerial acts to have the case transferred to another judge.'") (quoting 13A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3550 (2d ed. 1984)). Doing otherwise may "create[] suspicion that the disqualified judge . . . select[ed] a successor whose views are consonant with his." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983).

The Court's reassignment of this case is counter to the rule against a recused judge's participation in the choice of a replacement judge. At the same time that Judge Martinez announced that he "recuse[d] himself" he directed that "the case" be "transferred to a judge from outside this district." ECF No. 14. But instead of referring the case to the Ninth Circuit's Chief Judge for a reassignment decision independent of the recused judges, Judge Martinez chose to cite a 2025 order authorizing a specific judge to hear cases within this judicial district. *Id.* Through that citation, Judge Martinez chose the judge who would hear the case.

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER
AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 5

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

Judge Martinez's personal handling of the reassignment distinguishes this case from the process used to assign each of the other cases within this Circuit challenging the leadership of a U.S. Attorney's office. In the Central District of California, defendant Tu Anh Tran sought to disqualify First Assistant U.S. Attorney Bilal Essayli for an alleged failure to comply with the ordinary process for appointing U.S. attorneys. *United States v. Tran*, No. 8:25-cr-250 (C.D. Cal. June 19, 2026), ECF No. 47. On June 23, 2026, the Ninth Circuit's chief judge entered an order on the district court's docket appointing Judge Michael Seabright of the District of Hawaii to handle the case. *Id.*, ECF No. 49. The next day, the Chief Judge of the District Court entered an order on the same docket announcing the recusal of "all district judges" of the district and effectuating the transfer to Judge Seabright pursuant to the order entered by the Ninth Circuit's chief judge on the same docket. *Id.*, ECF No. 48.

Other cases in the Central District of California challenging Mr. Essayli's service followed the same template. *See United States v. Ramirez*, No. 5:25-cr-264 (C.D. Cal. Sept. 8, 2025), ECF No. 26 (Ninth Circuit's chief judge appoints Judge Seabright); *id.*, ECF No. 25 (chief judge of district court recuses all district judges and effectuates transfer); *United States v. Garcia*, No. 2:25-cr-655 (C.D. Cal. Sept. 8, 2025), ECF No. 25 (Ninth Circuit's chief judge appoints Judge Seabright); *id.*, ECF No. 24 (chief judge of district court recuses all district judges and effectuates transfer); *United States v. Martinez*, No. 2:25-cr-692 (C.D. Cal. May 26, 2026), ECF No. 34 (Ninth Circuit's chief judge appoints Judge Seabright); *id.*, ECF No. 33 (chief judge of district court recuses all district judges and effectuates transfer).

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER
AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 6

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

The same process was followed in the District of Nevada. There, defendant Shamar Garcia moved to disqualify Acting U.S. Attorney Sigal Chattah. *United States v. Garcia*, No. 2:25-cr-230 (D. Nev. Aug. 28, 2025), ECF No. 20. On September 2, 2025, the Chief Judge of the Ninth Circuit entered an order on the docket of the District Court appointing Judge David Campbell of the District of Arizona to handle the case. *Id.*, ECF No. 21. In accordance with that order, the district court judge entered a minute order to transfer the case. *Id.*, ECF No. 25. The same goes for other cases in the District of Nevada. *See United States v. Del Real*, No. 2:25-cr-227 (D. Nev. Sept. 2, 2025), ECF No. 22 (Ninth Circuit's chief judge appoints Judge Campbell); *id.*, ECF No. 27 (minute order effectuating transfer); *United States v. Jackson*, No. 2:25-cr-240 (D. Nev. Sept. 2, 2025), ECF No. 24 (Ninth Circuit's chief judge appoints Judge Campbell); *id.*, ECF No. 31 (minute order effectuating transfer); *United States v. Enriquez*, No. 3:25-cr-26 (D. Nev. Sept. 5, 2025), ECF No. 24 (Ninth Circuit's chief judge appoints Judge Campbell); *id.*, ECF No. 25 (minute order effectuating transfer).[2]

By contrast, in this case, the Ninth Circuit's chief judge never entered an order on this case's docket. Unlike in the Central District of California and the District of

---

[2] The Ninth Circuit is no outlier. In *United States v. Giraud*, Chief Judge Chagares of the Third Circuit "designate[d] and assign[ed] the Honorable Matthew W. Brann" for "the disposition of the above-entitled matter and all related cases." No. 1:24-cr-768 (D.N.J. July 28, 2025), ECF No. 103. In *In re Grand Jury Subpoena*, Chief Judge Livingston of the Second Circuit "designate[d] and assign[ed] the Honorable Lorna G. Schofield" specifically "in connection with a motion to quash and a motion to unseal, both filed on August 19, 2025," in that case. No. 1:25-mc-19 (N.D.N.Y. Sept. 4, 2025), ECF No. 14. And in *United States v. Comey*, Chief Judge Diaz of the Fourth Circuit "designate[d] and assign[ed] the Honorable Cameron McGowan Currie" for "the limited purpose of hearing and determining pending and future motions concerning the appointment, qualification, or disqualification of the United States Attorney or the United States Attorney's Office" in that case. No. 1:25-cr-272 (E.D. Va. Oct. 21, 2025), ECF No. 62-1.

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 7

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

Nevada, the assignment was not made independent of the recused judges. Instead, a recused judge effectively chose his successor by invoking a pre-existing § 292(b) appointment. Because that authorization applied to the appointment of a specific judge, Judge Martinez effectively made the judicial assignment after he had decided his recusal was required.

Judge Martinez acted appropriately in recusing from the case. "[H]is impartiality might reasonably be questioned" because of his service on the District Court that appointed the plaintiff. 28 U.S.C. § 455(a). So too with his apparent participation in the plaintiff's selection. The Court's General Order 09-26 announced that "the Court has unanimously decided to appoint a United States Attorney," apparently referencing all judges of the District Court. General Order 09-26. Given that, an objective observer might reasonably doubt Judge Martinez's impartiality in deciding the merits of the lawsuit brought by the District Court's appointee. And the same objective observer might question Judge Martinez's ability to fairly handle the case's reassignment. In light of this, Defendants respectfully suggest that the Court refer the case to the Chief Judge of the Ninth Circuit for reassignment consistent with the procedure used in each of the other recent cases within this Circuit challenging U.S. Attorney Office leadership.

The need to protect the appearance of impartiality is especially important given the significant separation of powers questions raised by the plaintiff's complaint and motion. Judge Michael H. Simon's recusal in *State of Oregon v. Trump*, No. 3:25-cv-1756 (D. Ore. Oct. 2, 2025), ECF No. 36, is a case in point. There, the Government suggested Judge Simon's recusal based on his spouse's advocacy as

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 8

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

a member of Congress. *See id.*, ECF No. 22. Judge Simon "d[id] not believe that recusal [wa]s required under either federal law or the Code of Conduct for United States Judges." *Id.* Nonetheless, he "recuse[d] himself" because "it [wa]s necessary that the focus of th[e] lawsuit remain on the critically important constitutional and statutory issues presented by the parties." *Id.* This case also presents "critically important constitutional and statutory issues," *id.*, implicating the President's statutory and Article II authority to remove U.S. attorneys. Accordingly, the Court should take care to ensure the case is assigned through processes not involving the participation of a recused judge.

## II.    REGARDLESS, CHIEF JUDGE BASTIAN SHOULD RECUSE FROM THIS CASE.

Even if Judge Martinez appropriately handled the case's reassignment himself, Defendants respectfully suggest that the case should be reassigned to a judge other than this district's sole regular visiting judge. "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The goal of this statute is "to avoid even the appearance of partiality," *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (citation omitted), because "public perceptions of partiality can undermine confidence in the courts," Federal Judicial Center, *Judicial Disqualification: An Analysis of Federal Law* 20 (3d ed. 2020). Thus, the relevant inquiry is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned"—regardless of whether the judge is *in fact* impartial. *United States v. Mikhel*, 889 F.3d 1003,

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER
AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 9

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

1027 (9th Cir. 2018) (citation omitted). "If the case is close, the judge should recuse." *In re Creech*, 119 F.4th 1114, 1121 (9th Cir. 2024).

Recusal is appropriate here. Pursuant to Chief Judge Murguia's past designations, Chief Judge Bastian has heard and continues to hear many cases in this judicial district. In a significant share of them, the United States Attorney's office represents a party. *See, e.g.*, *Romero-Pena v. Blanche*, No. 2:26-cv-1220 (W.D. Wash. filed Apr. 8, 2026); *Negash v. Scott*, No. 2:26-cv-1653 (W.D. Wash. May 12, 2026); *Safi v. Scott*, No. 2:26-cv-1683 (W.D. Wash. filed May 16, 2026); *Silburn v. Lyons*, No. 2:26-cv-2296 (W.D. Wash. filed June 30, 2026); *Bojorge-Sequeira v. Scott*, No. 2:26-cv-2360 (W.D. Wash. July 2, 2026). And, indeed, even before the December 10 General Designation Chief Judge Bastian had been serving in this District Court under another general designation that began on January 2, 2025. *See, e.g.*, *Postma v. Comstock*, No. 2:25-cv-2036 (W.D. Wash. Nov. 10, 2025), ECF No. 19.

Chief Judge Bastian's ruling in the case thus could change the leadership of the office handling multiple cases presently assigned to him. His concurrent handling of multiple cases involving the U.S. Attorney's office as a regular visiting judge of this District warrants recusal. The *Tran* recusal could not have been based on the district court's personal participation in the selection of a U.S. Attorney. There was no court-appointed U.S. attorney in the case, yet the entire district court recused itself all the same. As the Chief Judge of the U.S. Court of Appeals for the Fourth Circuit noted in designating an out-of-district judge in a case challenging a U.S. Attorney's authority, the "interest of maintaining public confidence in the impartial

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER
AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 10

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

administration of justice" was enough to assign an out-of-district judge to hear "motions seeking the disqualification of the United States Attorney." *United States v. Comey*, No. 1:25-cr-272 (E.D. Va. Oct. 21, 2025), ECF No. 62-1.

Perhaps more importantly, the fact that Chief Judge Bastian has long been a visiting member of this District Court should cast doubt on whether he should hear a case about the *District Court's* choice of U.S. attorney. Chief Judge Bastian has an ongoing caseload in the Western District, and the District Court's website publicly associates Chief Judge Bastian with this Court, identifying him as this District Court's sole visiting judge. *Judges*, U.S. District Court for the Western District of Washington, https://www.wawd.uscourts.gov/judges (May 15, 2026) (listing Chief Judge Bastian as a "[v]isiting U.S. District Judge[]"). Under previous orders signed by the Ninth Circuit's Chief Judge, Chief Judge Bastian has been "hold[ing] a district court in" the Western District of Washington since January 1 of this year. 28 U.S.C. § 292(b). Thus, while Judge Martinez's order recognized that this case should be heard by "a judge from outside this district," the reassignment to Chief Judge Bastian failed to accomplish that given his pre-existing appointment. ECF No. 14.

Regardless of whether Chief Judge Bastian participated in the decision to appoint the plaintiff as the district's visiting judge, no member—permanent or regular visiting—of this District Court should decide a case about the District Court's own choice of U.S. attorney. Because "[w]hat matters is not the reality of bias or prejudice but its appearance," *In re Creech*, 119 F.4th at 1121 (citation omitted), Defendants respectfully suggest the recusal of the district's regular visiting judge.

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER
AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 11

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

**CONCLUSION**

For these reasons, Defendants respectfully suggest that the case be referred to the Chief Judge of the U.S. Court of Appeals for the Ninth Circuit for a reassignment decision independent of any recused or regular visiting judge in this judicial district. Alternatively, Defendants respectfully suggest the recusal of Chief Judge Bastian.

DATED: July 28, 2026                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch

DIANE KELLEHER
Director

JEREMY S.B. NEWMAN
Chief Litigation Counsel

JOSHUA S. HA
Counsel to the Assistant Attorney General

*/s/ Brian C. Kipnis*
BRIAN KIPNIS
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: (206) 553-7970
brian.kipnis@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 3,061 words, in compliance with the Local Civil Rules.*

DEFENDANTS' SUGGESTION OF REASSIGNMENT BY NINTH CIRCUIT ORDER
AND, IN THE ALTERNATIVE, OF RECUSAL
[*Rogoff v. Trump, et al.*, No. 2:26-cv-02566-SAB] - 12

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845