UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER ROGOFF,<br><br>              Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; and U.S. DEPARTMENT OF JUSTICE,<br><br>              Defendants. | No. 2:26-CV-02566-SAB<br><br><br><br>**ORDER DENYING MOTION FOR REASSIGNMENT OR RECUSAL** |

Before the Court is Defendants' [Motion] for Reassignment by Ninth Circuit Order and, in the Alternative, of Recusal, ECF No. 17. The motion was considered without oral argument. Plaintiff is represented by Connor Hoge, Cynthia Long, Daniel Kalish, Donald B. Verrilli, Jr., Hailyn J. Chen, Jason A. Rittereiser, Shannon G. Aminirad, and Victoria A. Degtyareva. Defendants are represented by Brian C. Kipnis.

This case was filed on July 21, 2026, in the Western District of Washington,

**ORDER DENYING MOTION FOR REASSIGNMENT OR RECUSAL ~ 1**

and was assigned to the Honorable Ricardo S. Martinez. Judge Martinez recused himself and the case was reassigned to this Court by Minute Order. ECF No. 14.

Defendants take issue with the reassignment, asserting that allowing Judge Martinez to recuse himself and reassign the case was somehow improper. Although other districts may have chosen to handle the reassignment in a different manner, there is no binding precedent or rule that states reassignment must follow a certain procedure, and having the assigned judge enter the reassignment order is consistent with Western District of Washington practices. *See e.g. Williams v. United States*, 2:22-cv-00695-SAB, ECF No. 12.

Next, Defendants suggest this Court should recuse itself based on its pre-existing and continuing service to the Western District of Washington as a regular visiting judge. Defendants provide no binding authority that would require recusal, and the Court is unaware of such authority.

28 U.S.C. § 455 requires federal judges to recuse themselves from a proceeding whenever their impartiality might reasonably be questioned. § 455(a). Moreover, federal judges should recuse themselves if they have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. § 455(b). On the other hand, in the absence of a legitimate reason to recuse oneself, a judge should participate in cases assigned. *United States v. Holland*, 519 F.3d 909, 912 (2008) (quotation omitted).

Here, neither § 455(a) nor § 455(b) requires this Court to recuse itself in the above-captioned case. This Court has assisted the Western District of Washington in the past in cases where all judges recused themselves, or where necessary to help with docket congestion. This alone does not give the impression that its impartiality might reasonably be questioned. Notably, this Court was not involved in the decision to hire Plaintiff, and is not involved in the day-to-day operations of the Western District of Washington. This Court took an oath to "administer justice without respect to persons" and to "faithfully and impartially discharge and

**ORDER DENYING MOTION FOR REASSIGNMENT OR RECUSAL ~ 2**

perform all duties incumbent upon it" and it intends to fully honor that oath. The Court will proceed, as always, pursuant to its obligation to treat all parties fairly and to decide all issues fairly and equitably based on the law and facts.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendants' [Motion] for Reassignment by Ninth Circuit Order and, in the Alternative, of Recusal, ECF No. 17, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of July 2026.

Stanly A. Bastian

U.S. District Judge

**ORDER DENYING MOTION FOR REASSIGNMENT OR RECUSAL ~ 3**