The Honorable Stanley A. Bastian

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

ROGER ROGOFF,

                           Plaintiff,

                 v.

DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; TODD BLANCHE, in his official capacity as Attorney General of the United States; and U.S. DEPARTMENT OF JUSTICE,

                        Defendants.

No. 2:26-cv-02566

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
[*Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

BACKGROUND................................................................................................... 3

    I.      Legal Background.............................................................................. 3

    II.     This Case......................................................................................... 4

STANDARD OF REVIEW..................................................................................... 7

ARGUMENT ......................................................................................................... 7

    I.      Plaintiff Cannot Demonstrate Likelihood Of Success on the Merits ........ 8

        A.      The President possesses statutory authority to remove court-appointed U.S. attorneys. .............................................................. 8

        1.      Section 541(c) applies to "[e]ach United States attorney." ................... 8

        2.      Rogoff's arguments to the contrary are unconvincing. ...................... 11

        B.      The President possesses Article II authority to remove court-appointed U.S. attorneys. ................................................................ 18

        C.      Plaintiff's Appointments Clause argument is meritless.................... 24

    II.     Plaintiff Cannot Demonstrate Irreparable Harm. ................................. 25

    III.    The Balance Of The Equities And The Public Interest Weigh Against Plaintiff's Requested Relief. ...................................................... 27

    IV.    Any Injunctive Relief Should be Stayed and Accompanied by a Bond. ................................................................................................ 30

CONCLUSION ................................................................................................. 32

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION      i
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

# TABLE OF AUTHORITIES

**CASES**                                                  **PAGE(S)**

*Aviel v. Gor,*

   780 F. Supp. 3d 1 (D.D.C. 2025) ........................................................................ 27

*Bowsher v. Synar,*

   478 U.S. 714 (1986) ............................................................................... 12, 13, 23

*Chrysler Corp. v. Brown,*

   441 U.S. 281 (1979) .......................................................................................... 18

*CVS Health Corp. v. Vividus, LLC,*

   878 F.3d 703 (9th Cir. 2017) ............................................................................ 10

*Dalton v. Specter,*

   511 U.S. 462 (1994) ..................................................................................... 24, 25

*Edmond v. United States,*

   520 U.S. 651 (1997) .......................................................................................... 21

*Farris v. Rice,*

   453 F. Supp. 2d 76 (D.D.C. 2006) .................................................................... 26

*Free Enter. Fund v. PCAOB,*

   561 U.S. 477 (2010) ..................................................................................... 18, 24

*Hartikka v. United States,*

   754 F.2d 1516 (9th Cir. 1985) .......................................................................... 26

*Ileto v. Glock, Inc.,*

   565 F.3d 1126 (9th Cir. 2009) .......................................................................... 17

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION       ii
*[Rogoff v. Trump, et al.,* No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

*In re Application of President's Comm'n on Organized Crime,*

763 F.2d 1191 (11th Cir. 1985) ................................................................................ 20

*In re Grand Jury Proceedings,*

673 F. Supp. 1138 (D. Mass. 1987) ........................................................................... 9

*Kennedy v. Braidwood Mgmt. Inc.,*

606 U.S. 748 (2025) ................................................................................................. 16

*Leiva-Perez v. Holder,*

640 F.3d 962 (9th Cir. 2011) .................................................................................... 30

*Morrison v. Olson,*

487 U.S. 654 (1988) ..................................................................................... 18, 19, 20

*Morton v. Mancari,*

417 U.S. 535 (1974) ................................................................................................. 14

*Myers v. United States,*

272 U.S. 52 (1926) ............................................................................................. 12, 25

*Nadler v. Mann,*

951 F.2d 301 (11th Cir. 1992) ............................................................................ 19, 20

*NLRB v. Aakash, Inc.,*

58 F.4th 1099 (9th Cir. 2023) .................................................................................. 16

*Oregon v. Trump,*

154 F.4th 1161 (9th Cir. 2025) ................................................................................ 31

*Parsons v. United States,*

167 U.S. 324 (1897) ................................................................................................. 16

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION                    iii
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

*Porretti v. Dzurenda,*

   11 F.4th 1037 (9th Cir. 2021) ...............................................................................27

*Sampson v. Murray,*

   415 U.S. 61 (1974) ...................................................................................... 25, 26

*Seila Law LLC v. CFPB,*

   591 U.S. 197 (2020) ................................................................................. *passim*

*Severino v. Biden,*

   71 F.4th 1038 (D.C. Cir. 2023)...............................................................................17

*Stanley v. Gonzales,*

   476 F.3d 653 (9th Cir. 2007) ...............................................................................16

*Swan v. Clinton,*

   100 F.3d 973 (D.C. Cir. 1996) ...................................................................... 13, 20

*Trump v. Boyle,*

   606 U.S. ___, 145 S. Ct. 2653 (2025)....................................................................28

*Trump v. Cook,*

   609 U.S. ___, 146 S. Ct. 2234 (2026)....................................................................29

*Trump v. Slaughter,*

   609 U.S. ___, 146 S. Ct. 2283 (2026)............................................................ *passim*

*Trump v. United States,*

   603 U.S. 593 (2024) ...............................................................................................23

*Trump v. Wilcox,*

   606 U.S. ___, 145 S. Ct. 1415 (2025)................................................... 3, 28, 30, 31

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

iv

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

*United States v. Armstrong,*

515 U.S. 456 (1996) ...........................................................................................................20

*United States v. Arnpriester,*

37 F.3d 466 (9th Cir. 1994) ......................................................................................... 19, 31

*United States v. Arthrex, Inc.,*

594 U.S. 1 (2021) .............................................................................................................22

*United States v. Donziger,*

38 F.4th 290 (2d Cir. 2022) .............................................................................................25

*United States v. Gantt,*

194 F.3d 987 (9th Cir. 1999) ...................................................................................... 4, 9, 19

*United States v. Hilario,*

218 F.3d 19 (1st Cir. 2000) ...................................................................................... 10, 11, 15

*United States v. Lemus,*

93 F.4th 1255 (9th Cir. 2024) ..........................................................................................14

*United States v. Martinez,*

565 F. Supp. 2d 1270 (D.N.M. 2008) .......................................................................... 10, 15

*United States v. Metcalf,*

156 F.4th 871 (9th Cir. 2025) ...................................................................................... 10, 17

*United States v. Naviwala,*

825 F. Supp. 3d 451 (D.N.J. 2026).................................................................................10

*United States v. Paulson,*

68 F.4th 528 (9th Cir. 2023) ..............................................................................................9

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

v

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

*United States v. Perkins,*

116 U.S. 483 (1886) ........................................................................ 13, 18, 20, 22

*United States v. Ramirez,*

807 F. Supp. 3d 1086 (C.D. Cal. 2025) ............................................................ 29

*Winter v. Nat. Res. Def. Council, Inc.,*

555 U.S. 7 (2008) ................................................................................... 7, 9, 27

*Yellen v. Confederated Tribes of the Chehalis Rsrv.,*

594 U.S. 338 (2021) ..................................................................................... 13

**CONSTITUTION**

U.S. Const. art. II § 1-3 ....................................................................... 1, 18, 25

**STATUTES**

5 U.S.C. § 3345.............................................................................................. 4

6 U.S.C. § 112(a)(2)...................................................................................... 24

10 U.S.C. § 113(b) ........................................................................................ 24

15 U.S.C. § 1513........................................................................................... 24

22 U.S.C. § 2651a(a)(3)(A) ............................................................................ 24

28 U.S.C. § 509............................................................................................. 29

28 U.S.C. § 541(a)-(c) ............................................................................ *passim*

28 U.S.C. § 546...................................................................................... *passim*

28 U.S.C. § 547(1)-(2)............................................................................ 1, 9, 19

28 U.S.C. §§ 516, 518, 519........................................................................ 24, 27

31 U.S.C. § 321(c)......................................................................................... 24

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION                    vi
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

**OTHER AUTHORITIES**

153 Cong. Rec. S1994 (Feb. 2007) ............................................................................ 16

Danny Hakim & Jonah E. Bromwich, *Trump Administration*

*Fires U.S. Attorney Minutes After His Appointment*,

N.Y. Times (July 15, 2026), https://www.nytimes.com/2026/07/15/us/trump-fires-

prosecutor-roger-rogoff.html................................................................................... 5

General Order 06-24, *In the Matter of the Appointment of*

*Tessa Gorman as United States Attorney* (W.D. Wash. May 9, 2024),

https://www.wawd.uscourts.gov/sites/wawd/files/05092024

GOAppointingTessaGorman.pdf .............................................................................. 4

General Order 09-26, *In re: Appointment of Roger Scott*

*Rogoff as United States Attorney Pursuant to*

*28 U.S.C. § 546(d)* (W.D. Wash. July 15, 2026),

https://www.wawd.uscourts.gov/sites/wawd/files/

WDWA%20US%20Attorney%20Appointment%20Order%20%287-15-

2026%29.pdf ............................................................................................................. 5

*In re: the Possible Appointment of a United States Attorney*

*Pursuant to 28 U.S.C. § 546(d)* (W.D. Wash. Jan. 14, 2026),

https://www.wawd.uscourts.gov/sites/wawd/files/

WDWA%20Order%20re%20Possible%20USA%20Appointmen

t%201.14.26.pdf........................................................................................................ 5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

vii

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

Letter from Harriet Miers, Counsel to the President, to Mark V. Meierhenry, U.S. Attorney for the District of South Dakota (Jan. 9, 2006), https://perma.cc/DHM6-JXYG............................................................................................................... 6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION                    viii
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

## **INTRODUCTION**

"The Constitution vests '[t]he executive Power' in a 'President of the United States of America' and instructs that he 'take Care that the Laws be faithfully executed.'" *Trump v. Slaughter*, 609 U.S. ___, 146 S. Ct. 2283, 2292–93 (2026) (quoting U.S. Const. art. II, §§ 1, 3,). Because "[t]he entire 'executive Power' belongs to the President alone," executive officers "must remain accountable to the President, whose authority they wield." *Seila Law LLC v. CFPB*, 591 U.S. 197, 213 (2020) (quoting U.S. Const. art. II, § 3). And "[s]ubordinates who exercise the President's power" can "only" remain "accountable to the President" when they "are subject to removal by him." *Slaughter*, 146 S. Ct. at 2310.

Congress understood these principles when it enacted 28 U.S.C. § 541(c). That statute provides: "Each United States attorney is subject to removal by the President." No surprise there. "Investigative and prosecutorial decisionmaking is the special province of the Executive Branch." *Trump v. United States*, 603 U.S. 593, 620 (2024) (citation modified). United States attorneys are directed, among other things, to "prosecute for all offenses against the United States[,]" and to "prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned[.]" 28 U.S.C. § 547(1), (2). In other words, far from having "limited duties and no policymaking or administrative authority," *Seila Law*, 591 U.S. at 218—the only circumstance where the Supreme Court has ever tolerated any removal restrictions for inferior officers—U.S. attorneys exercise core,

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

sweeping executive power; per the statute and the Constitution, they are removable by the President.

This case is therefore straightforward. The U.S. District Court for the Western District of Washington "appoint[ed]" Roger Rogoff as "United States attorney" for this district, as the Court is permitted to do under 28 U.S.C. § 546(d). Like "[e]ach United States attorney," Rogoff was "subject to removal by the President." *Id.* § 541(c). When the President removed Rogoff from his office, he merely did what both statute and the Constitution plainly empowered him to do.

Nonetheless, Rogoff seeks a preliminary injunction to force his way back into the Executive Branch. His arguments run aground on open-and-shut text and precedent. On the statute, Rogoff would have this Court hold that, because this Court appointed him as a U.S. attorney, he is immune from Presidential removal. That defies the statute Congress actually enacted, which says that "*[e]ach* United States Attorney is subject to removal by the President." 28 U.S.C. § 541(c) (emphasis added). That includes U.S. attorneys appointed under Section 546(d), whom the Ninth Circuit has held "are fully-empowered United States Attorneys." *United States v. Gantt*, 194 F.3d 987, 999 n.5 (9th Cir. 1999). Rogoff's position would also ignore every court to have considered the issue, all of which have concluded that court-appointed U.S. attorneys are removable under section 541(c). And it would make judicially appointed U.S. attorneys anomalies within the Department of Justice—unremovable by *anyone* for *any* reason and therefore accountable to no one.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

2

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

In Rogoff's telling, permitting the President to remove a U.S. attorney would somehow be an affront to Congress's decision pursuant to the Appointments Clause to vest Rogoff's appointment in "the Courts of Law." But no one in this case is disputing the district court's authority to *appoint* Rogoff. The only issue before this Court is who can *remove* Rogoff. And for that, both Congress and the Constitution are clear: the President can do so. Rogoff's theory places the Appointments Clause at needless war with the Vesting Clause, which the Supreme Court has held guarantees the President's removal power.

Neither can Rogoff demonstrate irreparable harm or that the equities or public interest would favor his unprecedented request. Court after court has rejected the notion that loss of employment—even for important positions—constitutes irreparable injury. And the Supreme Court has already explained that the President faces greater harm from having to countenance a removed officer's continued exercise of his exclusive executive authority than does an officer unable to perform his statutory duty. *See Trump v. Wilcox*, 145 S. Ct. 1415, 1416–17 (2025).

The Court should deny the preliminary injunction.

## BACKGROUND

### I.    LEGAL BACKGROUND

The default for the appointment of U.S. attorneys is that "[t]he President shall appoint, by and with the advice and consent of the Senate, a United States attorney for each judicial district" for a four-year term. 28 U.S.C. § 541(a), (b). When there is a vacancy, however, Congress has provided for two other methods of

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

3

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

appointment. *First*, "the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant." *Id.* § 546(a). Such an appointee may serve until the earlier of 120 days or when the Senate confirms a new Presidential nominee. *Id.* § 546(c)(2). *Second*, if an Attorney General-appointee times out on the basis of the 120-day limitation, "the district court for such district may appoint a United States attorney to serve until the vacancy is filled." *Id.* § 546(d).[1]

U.S. attorneys appointed under 28 U.S.C. § 546 are *actual* U.S. attorneys, not *acting* U.S. attorneys. *See Gantt*, 194 F.3d at 999 n.5. As for the removal of U.S. attorneys, Section 541(c) provides: "Each United States attorney is subject to removal by the President." 28 U.S.C. § 541(c).

## II.    THIS CASE

In May 2024, this Court appointed Tessa Gorman to be the U.S. Attorney for the Western District of Washington. *See* General Order 06-24, *In the Matter of the Appointment of Tessa Gorman as United States Attorney* (W.D. Wash. May 9, 2024), https://www.wawd.uscourts.gov/sites/wawd/files/05092024GOAppointingTessaGorman.pdf. President Trump removed Gorman from her position in February 2025, after which the first assistant U.S. attorney became the acting U.S. attorney under the FVRA. Compl. ¶ 34, ECF No. 1. Gorman did not challenge that action. *Id.*

---

[1] Section 546 does not supplant the ordinary default authority to designate acting officers found in the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. § 3345. *See Temporary Filling of Vacancies in the Office of United States Attorney*, 27 Op. O.L.C. 149, 149–50 (2003).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

4

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

On October 6, 2025, the Attorney General appointed Charles Neil Floyd to serve as the U.S. attorney pursuant to § 546(a). *Id.* ¶ 35.[2]  In January 2026, with the 120-day limit approaching, the district court issued an order stating its "inten[t] to appoint a United States Attorney under Section 546(d) to serve until the vacancy is filled" by Presidential appointment and Senate confirmation.  Order at 2, *In re: the Possible Appointment of a United States Attorney Pursuant to 28 U.S.C. § 546(d)* (W.D. Wash. Jan. 14, 2026), https://www.wawd.uscourts.gov/sites/wawd/files/WDWA%20Order%20re%20Possible%20USA%20Appointment%201.14.26.pdf. That order directed persons who "wishe[d] to be considered for appointment" to apply. *Id.*

Plaintiff Roger Rogoff applied. *See* Compl. ¶ 38.  As part of the application process, Rogoff was reportedly asked "how [he] would respond to being fired."[3]  He responded that he "would consider whether there's a legal option to challenge the decision."[4]  On July 15, the Court appointed Rogoff to serve as the U.S. attorney for the district pursuant to 28 U.S.C. § 546(d).  General Order 09-26, *In re: Appointment of Roger Scott Rogoff as United States Attorney Pursuant to 28 U.S.C. § 546(d)* (W.D. Wash. July 15, 2026), https://www.wawd.uscourts.gov/sites/wawd/files/WDWA%20US%20Attorney%20Appointment%20Order%20%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%29.pdf.

---

[2] Upon expiration of his 120-day term in February 2026, Floyd was designated to serve as the First Assistant U.S. Attorney for the district.  Compl. ¶ 36.

[3] Danny Hakim & Jonah E. Bromwich, *Trump Administration Fires U.S. Attorney Minutes After His Appointment*, N.Y. Times (July 15, 2026), https://www.nytimes.com/2026/07/15/us/trump-fires-prosecutor-roger-rogoff.html.

[4] *Id.*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION                     5
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

The President removed Rogoff from his post. *See* Compl. ¶ 44. An email sent from the Office of Presidential Personnel at the President's direction explained to Rogoff the authority for doing so: "[P]ursuant to [the President's] authority under 28 U.S.C. 541(c) and Article II of the Constitution," Rogoff was "hereby removed from the office of the United States Attorney for the Western District of Washington." Ex. 5 to Decl. of Roger Rogoff in Supp. of Pl.'s Mot. for Prelim. Inj. at 2, ECF No. 12-5. As Rogoff has pointed out, this fact pattern is not unusual. In the past year, the President has removed multiple court-appointed U.S. attorneys. *See* Compl. ¶¶ 51 (District of New Jersey), 59 (Northern District of New York), 65 (Eastern District of Virginia). Nor was President Trump the first President to do so. *See* Letter from Harriet Miers, Counsel to the President, to Mark V. Meierhenry, U.S. Attorney for the District of South Dakota (Jan. 9, 2006), https://perma.cc/DHM6-JXYG (removing court-appointed U.S. attorney "pursuant to Article II of the Constitution and 28 U.S.C. § 541(c)") (PDF Page 24). Not one of the court appointees in those districts challenged their removals.

Rogoff decided to be the exception. On July 21, he filed a complaint in this Court to undo his removal, listing three counts. *First*, he alleged that his removal was *ultra vires* and violated the Appointments Clause, the separation of powers, and 28 U.S.C. § 546. Compl. ¶ 73. *Second*, he contended that due process entitles him to be U.S. attorney until a Senate-confirmed nominee replaces him. *Id.* ¶ 83. *Third*, Rogoff asserted entitlement to mandamus relief. *Id.* ¶ 87. He sought declaratory relief and an injunction against his removal. *Id.* at 25–26 (Prayer for Relief).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

6

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

The same day, Rogoff filed a motion for a preliminary injunction. His motion raised his statutory, Appointments Clause, and separation-of-powers claims, but does not advance the complaint's due process claim or mandamus request.

## STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A party seeking such relief "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that [a temporary restraining order] is in the public interest." *Id.* at 20.

## ARGUMENT

There is a reason no other court-appointed U.S. attorney has challenged the President's removal authority. Congress was clear that "[e]ach United States attorney is subject to removal by the President." 28 U.S.C. § 541(c). That plain text is entirely in keeping with the Supreme Court's repeated affirmations of "the general rule that the President possesses the authority to remove those who assist him in carrying out his duties." *Seila Law*, 591 U.S. at 215 (citation modified). Especially so now; the ink has barely dried on the Supreme Court's decision in *Slaughter*, which once again declared that "[s]ubordinates who exercise the President's power are subject to removal by him." *Slaughter*, 146 S. Ct. at 2310.

The only way Rogoff can argue otherwise is by misinterpreting Congress's statutes, casting aside unfavorable precedents, and misreading others. For-cause protections for special counsels with a circumscribed remit and tenure were

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION          7
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

previously the high-water mark of restrictions on the President's removal power, yet Rogoff would have this Court create an independent *U.S. attorney*, who exercises vast swathes of the civil and criminal enforcement power of the executive branch. There is no good reason to take that remarkable leap against the tide.  And even if the Court could look past all those flaws, Rogoff can neither demonstrate irreparable harm nor explain how the public interest and equities favor him when the Supreme Court has already made clear that they do not.  This Court should deny Plaintiff's motion for a preliminary injunction.

## I.   PLAINTIFF CANNOT DEMONSTRATE LIKELIHOOD OF SUCCESS ON THE MERITS

### A.   The President possesses statutory authority to remove court-appointed U.S. attorneys.

This Court need look no further than the statute Congress enacted to deny the motion for preliminary injunction.  Congress was clear: "Each United States attorney is subject to removal by the President."  28 U.S.C. 541(c).  There is no good reason for this Court to depart from that text's plain meaning.

### 1.   Section 541(c) applies to "[e]ach United States attorney."

No one disputes that § 541(c)'s removal provision applies to U.S. attorneys appointed by the President under § 541(a).  *See* Pl. Roger Rogoff's Mot. for a Prelim. Inj. at 12, ECF No. 8 ("Mot.").  The only statutory question in this case is whether § 541(c)'s removal provision also applies to court-appointed U.S. attorneys.

It plainly does.  Section 541(c) applies to "*[e]ach* United States attorney[.]"  28 U.S.C. § 541(c) (emphasis added).  The word "each" "denotes or refers to every one of the persons or things mentioned."  *Each*, Black's Law Dictionary 597 (rev. 4th ed.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

8

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

1968). Section 546(d) provided this Court the authority to appoint "a United States attorney[.]" And the district court indeed appointed Rogoff "to be the United States Attorney for the Western District of Washington." General Order 09-26 at 2-3. Because Rogoff was a "United States attorney," he was plainly "subject to removal by the President." 28 U.S.C. § 541(c).

Statutory context confirms the point. "[A] word or phrase is presumed to bear the same meaning throughout a text." *United States v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023) (citation omitted). When Section 547 says that "each United States attorney" shall "prosecute for all offenses against the United States," everyone agrees that "each United States attorney" refers to court- and Presidentially appointed U.S. attorneys alike. 28 U.S.C. § 547. *See Gantt*, 194 F.3d at 999 n.5 (noting that § 546(d) appointments are "fully-empowered United States Attorneys"); *In re Grand Jury Proceedings*, 673 F. Supp. 1138, 1142 (D. Mass. 1987) (noting that § 546 creates "actual, fully empowered United States Attorney[s]"). Just as 28 U.S.C. § 547 is the only provision addressing the duties of U.S. attorneys, § 541(c) is the only provision addressing their removal. "[E]ach United States attorney" refers to court-appointed U.S. attorneys in § 547, just as it refers to court-appointed U.S. attorneys in § 541(c).

Precedent in and out of the circuit are of a piece. Because "[s]ection 546(d) appointments are fully-empowered United States Attorneys," the Ninth Circuit "do[es] not distinguish between United States Attorneys appointed pursuant to 28 U.S.C. § 541 and those appointed under § 546(d)." *Gantt*, 194 F.3d at 999 n.5. And

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

9

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

courts outside this circuit are even more to the point in holding that 28 U.S.C. § 541(c) empowers the President to "override the judges' decision and remove an interim United States Attorney." *United States v. Hilario*, 218 F.3d 19, 27 (1st Cir. 2000); *see also United States v. Naviwala*, 825 F. Supp. 3d 451, 474 (D.N.J. 2026) (discerning "no sound textual basis for reading an exception into section 541(c)" for court-appointed U.S. Attorneys); *United States v. Martinez*, 565 F. Supp. 2d 1270, 1275 (D.N.M. 2008) ("[T]he President may override an interim judicial appointment of a U.S. Attorney.").

Because the "plain meaning" of § 541(c) is "unambiguous," it should be the end of the matter. *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017). But even if there were any ambiguity to be found, the canon of constitutional avoidance would eliminate it. As explained below, *see infra* Part I.B.1, court-appointed U.S. attorneys are executive officers who the President can remove at-will under his Article II authority. Reading § 541(c) and § 546(d) to deprive the President of that removal power would render them an "intrusion[] on Article II," *Slaughter*, 146 S. Ct. at 2310, and would thereby introduce "serious constitutional problems," *United States v. Metcalf*, 156 F.4th 871, 882 (9th Cir. 2025) (citation omitted). If any "fairly possible" interpretation were available to avoid that problem, it would be this Court's duty to adopt it. *Id.* (citation omitted); *see also Naviwala*, 825 F. Supp. 3d at 474 (reading § 541(c) to cover court appointments "is reinforced by the canon of Constitutional avoidance").

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

10

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

Here, the only constitutional reading of § 541(c) is also the most natural one. "Each United States attorney is subject to removal by the President." 28 U.S.C. § 541(c). That includes court-appointed U.S. attorneys.

### 2. Rogoff's arguments to the contrary are unconvincing.

Applying § 541(c) to court-appointed U.S. attorneys aligns with statutory text, the Constitution, and common sense. The same cannot be said for Rogoff's theory. According to Rogoff, Congress's command that "*[e]ach* United States attorney is subject to removable by the President" refers only to Senate-confirmed U.S. attorneys. Mot. 12. Rather than § 541(c)—which is the only provision addressing removal of U.S. attorneys—Rogoff claims this case is controlled by § 546(d), which concerns only appointment. Because § 546(d) says that district courts "may appoint a United States attorney to serve until the vacancy is filled," Rogoff argues that court-appointees *must* serve during that period, and cannot be removed by the President. Rogoff is wrong, many times over.

**a.** It should not be lost on this Court that, under Rogoff's theory, a court-appointed U.S. attorney would not be removable *even for cause*. Rogoff obviously contends that the President could not remove him. And he never suggests this Court could remove him either. For good reason—if the appointment power "grant[ed] the judges of the district court authority to supervise or remove an interim United States Attorney," that would "impermissibly entangle[] judges in the functioning of the Executive Branch." *See Hilario*, 218 F.3d at 27; *see also U.S. Attorneys-Removal of Court-Appointed U.S. Attorney (28 U.S.C. §§ 541, 546)*, 3 Op. O.L.C. 448, 450 (1979). After all, removal of executive officers is a core executive function,

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION                    11
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

*Slaughter*, 146 S. Ct. at 2295, and neither the Appointments Clause nor anything else in the Constitution authorizes Article III judges to exercise that executive function. Indeed, exercising it would impermissibly make Article III judges responsible for federal criminal prosecutions, since it is "only the authority that can remove [executive] officials that they must fear and, in the performance of their functions, obey." *Seila Law*, 591 U.S. at 213–14 (citation modified).

Rogoff's theory thus leaves court-appointed U.S. attorneys accountable to no one. His only response is that the President "retains the power to remove the court's designee for any reason by filling the vacancy with a Senate-confirmed U.S. Attorney." Mot. 16 (citation modified). But that would effectively give the Legislative Branch a veto over the removal of executive officers. That is a setup the Supreme Court has already rejected. *Myers v. United States*, 272 U.S. 52, 176 (1926), squarely held, relying in part on the Decision of 1789 by the First Congress, that the Tenure of Office Act of 1867's requirement of Senate consent before removing postmasters was invalid. *See Slaughter*, 146 S. Ct. at 2298–99. Rogoff cannot artfully frame a functional override of the President's removal authority as respecting it. Just as the President could appoint a U.S. attorney "for any reason," Mot. 16, so too can the Senate decline to confirm his pick "for any reason."

Indeed, even if this Court were to adopt Rogoff's framing of Senate confirmation as a "power to remove," Mot. 16, that would only exacerbate the constitutional infirmities. "The Constitution does not contemplate an active role for Congress in the supervision of officers charged with the execution of the laws it

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

12

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

enacts." *Bowsher v. Synar*, 478 U.S. 714, 722 (1986). Thus, a "direct congressional role in the removal of" executive officers "is inconsistent with separation of powers." *Id.* at 723. Rogoff's purported solution—a system in which the only way for the President to remove Rogoff is to go hat-in-hand to Congress—is no fix at all. *See Swan v. Clinton*, 100 F.3d 973, 986 (D.C. Cir. 1996) ("Congress cannot exercise control over the tenure of executive branch officials[.]"); *see also id.* at 986–88 (recognizing the serious constitutional problems that would result if Senate could effectively veto removal of holdover officers by withholding consent for their replacements' appointments). And it would be an especially insidious example of congressional aggrandizement given that, per Rogoff, the Senate could give him "potentially unlimited tenure" by withholding consent. *Id.* at 987.

The upshot is that, under Rogoff's theory, even gross misconduct or complete incapacitation would not render a court-appointed U.S. attorney removable by the President. It is thus objectively wrong for Rogoff to claim that Senate confirmation somehow "leaves far more control in the hands of the President" (Mot. 17) than the for-cause removal provision at issue in *United States v. Perkins*, 116 U.S. 483 (1886). At least in *Perkins* the executive officer *could* be removed for "misconduct" by an executive branch official. *Id.* at 485.

Against history, precedent, and common sense, Rogoff proposes a U.S. attorney who could not even be removable for cause. That is a "highly counterintuitive result" that any reasonable statutory interpretation should avoid. *Yellen v. Confederated Tribes of the Chehalis Rsrv.*, 594 U.S. 338, 359–60 (2021).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

13

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

**b.** Rogoff fails in his attempt to ground that bizarre proposal in the statutory text.

*First*, Rogoff gives no good reason for doubting that Congress meant what it said in § 541(c). He suggests that, because subsections (a) (providing that U.S. attorneys are Presidentially nominated and Senate confirmed) and (b) (providing for a four-year term) of § 541 apply only to Senate-confirmed U.S. attorneys, that subsection (c) must apply only to Senate-confirmed U.S. attorneys as well. Mot. 12.

Rogoff paints with too broad a brush. It makes no sense to treat § 541(a), which says the President shall appoint with Senate advice and consent "*a* United States attorney," the same as § 541(c), which says that "*[e]ach* United States attorney" is subject to Presidential removal. *See United States v. Lemus*, 93 F.4th 1255, 1261 (9th Cir. 2024) ("[T]he use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words." (citation omitted)). As for § 541(b), which *does* refer to "[e]ach United States attorney," that subsection's four-year term does not apply to court-appointed U.S. attorneys because § 546(d) sets out a more specific tenure—"until the vacancy is filled." 28 U.S.C. § 546(d); *see Morton v. Mancari*, 417 U.S. 535, 550–51 (1974) (noting principle that the specific controls the general). By contrast, § 541(c) is the *only* provision governing removal of U.S. attorneys. No more specific provision supplants it; therefore, § 541(c) provides the President the authority to remove "[e]ach United States attorney."

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

14

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

It is thus unsurprising that every other case to have considered this issue has come out against Rogoff's position. Mot. 13. Rather than grapple with them, Rogoff dismisses those cases' discussions of § 541(c) as dicta. Reading them says otherwise. Those cases confronted challenges to court-appointed U.S. attorneys on the theory that their appointments violated the separation of powers. *Hilario*, 219 F.3d at 27; *Martinez*, 565 F. Supp. 2d at 1271. They held that the appointments were consistent with the separation of powers because "the President may override the judges' decision and remove" the court-appointed U.S. attorneys. *Hilario*, 219 F.3d at 27; *Martinez*, 565 F. Supp. 2d at 1275 (holding that the court's interim appointment was "not an unconstitutional encroachment on the executive authority of the Executive Branch" because "the President may override an interim judicial appointment of a U.S. Attorney").

*Second*, Rogoff's theory finds no better refuge in § 546(d). Under § 546(c), an Attorney General-appointed U.S. attorney "*may* serve" for 120 days, while under § 546(d) a district court "may appoint a United States attorney *to* serve until the vacancy is filled." So, says Rogoff, the difference between "may" and "to" means that, while a § 546(c) appointee can be removed before 120 days, a § 546(d) appointee absolutely *cannot* be removed "until the vacancy is filled." Presumably, that would also mean that an interim U.S. attorney could not resign.

Wrong again. To begin, it is a stretch to find the mandatory language that Rogoff claims is in § 546(d). Section 546(d) does not say "a United States attorney *who shall serve* until the vacancy is filled." Instead, it says that the district court

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

15

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

"*may* appoint a United States attorney to serve until the vacancy is filled." No one disputes a district court *may* do so, and that such an appointee could serve until the vacancy is filled—provided, of course, that he is not removed. And this language certainly does not provide the "very clear and explicit language" Congress must use to "take away the power of at-will removal," *Kennedy v. Braidwood Mgmt. Inc.*, 606 U.S. 748, 770–71 (2025) (citation modified)—especially in light of the clear and explicit *removal* provision of § 541(c).

But even if § 546(d) were written in expressly mandatory terms, that would make it no different than § 541(b), which says that regularly appointed U.S. attorneys "*shall* be appointed for a term of four years." It is the "longstanding rule in the federal courts that a fixed term merely provides a time for the term to end." *Stanley v. Gonzales*, 476 F.3d 653, 660 (9th Cir. 2007) (citation modified). Accordingly, when the statute governing U.S. attorneys (then-called district attorneys) provided that they "shall be appointed for a term of four years," the Supreme Court gave it a "construction of limitation and not of grant," by which "no more than a period of four years is permissible, subject in the meantime to the power of the President to remove." *Parsons v. United States*, 167 U.S. 324, 342 (1897) (citation omitted). Similarly, the Ninth Circuit held that a statute providing that an officer "shall be appointed … for a term of four years" governed "only the requirements of the initial appointment." *NLRB v. Aakash, Inc.*, 58 F.4th 1099, 1103–04 (9th Cir. 2023) (citation omitted). It meant the President could not appoint

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

16

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

the officer for a one-year or ten-year term; it did *not* mean that the officer was entitled to serve for four years insulated from removal.

Those principles apply with even greater force here, where the appointee serves for an indefinite term. No one suggests that Senate-confirmed U.S. attorneys—who "*shall* be appointed for a term of four years," 28 U.S.C. § 541(b) (emphasis added)—cannot be removed before their terms expire. Likewise, court-appointed U.S. attorneys can be removed at any time as well. That they are "to serve until the vacancy is filled," 28 U.S.C. § 546(d), establishes a "ceiling on an appointee's length of service, not a guaranteed tenure" entitling the appointee to serve even if the President disagrees, *Severino v. Biden*, 71 F.4th 1038, 1042 (D.C. Cir. 2023).

Rogoff's invocation of the statute's "aims" (Mot. 10–11) fares no better. The statute's text reflects that its overriding purpose is to give the Executive Branch a means of providing for the temporary performance of the duties of a U.S. attorney with the Executive Branch's preferred personnel. In any event, appeals to "the statute's overall purpose" are permissible only when "the statute's terms are ambiguous," *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1133 (9th Cir. 2009) (citation omitted). As explained, the statute unambiguously confirms that "[e]ach United States attorney is removable by the President," 28 U.S.C. § 541(c). What is more, if the statute *were* ambiguous, constitutional avoidance would counsel against Rogoff's independent U.S. attorney theory. *Metcalf*, 156 F.4th at 881. Nor is there any need to resort to legislative history to understand § 541(c). *Ileto*, 565 F.3d at 1133; *contra*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

17

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

Mot. 4, 11. Regardless, Rogoff identifies only a single Senator's remarks—which say nothing about the President's removal power—as his evidence of what "Congress has emphasized." Mot. 4 (citing 153 Cong. Rec. S1994 (daily ed. Feb. 15, 2007)); *see Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979) ("The remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history.").

### B.    The President possesses Article II authority to remove court-appointed U.S. attorneys.

Section 541(c) aside, Article II empowers the President to remove U.S. attorneys at will. Under the Constitution, "the 'executive Power'—all of it—is 'vested in a President,' who must 'take Care that the Laws be faithfully executed.'" *Seila Law*, 591 U.S. at 203 (quoting U.S. Const. art. II, § 1, cl. 1 and art. II, § 3). And "[t]hat power includes, as a general matter, the authority to remove those who assist him in carrying out his duties." *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 513–14 (2010). That is because "[s]ubordinates who exercise the President's power" can "only" remain "accountable to the President" when they "are subject to removal by him." *Slaughter*, 146 S. Ct. at 2310. For that reason, *Slaughter* expressly overruled a previously recognized exception to the President's removal power for certain multi-member executive agencies. *Id.* at 2302.

After *Slaughter*, only one "exception[] to the President's unrestricted removal power" possibly remains. *Seila Law*, 591 U.S. at 204. Under that exception, the Supreme Court has upheld statutory for-cause removal restrictions for a naval cadet-engineer in *Perkins* and for an independent special counsel in *Morrison v. Olson*, 487 U.S. 654 (1988), on the theory that they were "inferior officers with

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

18

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

limited duties and no policymaking or administrative authority." *Seila Law,* 591 U.S. at 218.   That exception marks "the outermost constitutional limits of permissible congressional restrictions on the President's removal power."   *Id.* (citation omitted).

**1.**  Court-appointed U.S. attorneys fall far outside any remaining exception for "inferior officers with limited duties and no policymaking or administrative authority."  *Id.* at 218.  Individuals appointed under § 546(d) are "fully-empowered United States Attorneys," *Gantt*, 194 F.3d at 999 n.5, and are charged with "prosecut[ing] for all offenses against the United States," 28 U.S.C. § 547(1), which includes investigative duties, *United States v. Arnpriester*, 37 F.3d 466, 467 (9th Cir. 1994).  They are also tasked with "prosecut[ing] or defend[ing], for the Government, all civil actions, suits or proceedings in which the United States is concerned."  28 U.S.C. § 547(2); *see Nadler v. Mann,* 951 F.2d 301, 305 (11th Cir. 1992) ("A United States Attorney … is the chief federal law enforcement official for the judicial district he serves[.]").

Accordingly, a court-appointed U.S. Attorney does not have the type of "limited jurisdiction" that the independent counsel in *Morrison* possessed, who was limited to "prosecut[ing] certain highranking Government officials for violations of [certain] federal criminal laws."  487 U.S. at 660, 691.  The *Morrison* court also pointed to the "limited … tenure" of independent counsels in upholding the independent counsel statute.  *Id.* at 691.  Yet under Rogoff's view, his tenure is "potentially unlimited," because he can serve in perpetuity as long as the Senate

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

19

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

refuses to confirm a replacement. *Swan*, 100 F.3d at 987. There is thus no basis to "extend those precedents to the 'new situation'" of a federal prosecutor "vested with significant executive power." *Seila Law*, 591 U.S. at 220.

Court-appointed U.S. attorneys also possess significant policymaking and administrative authority. As "the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed,'" U.S. Attorneys "retain broad discretion to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citation modified). And as the chief law enforcement officer in the district, a U.S. attorney is staffed by assistant attorneys who "aid [him] in carrying out his duties," *Nadler*, 951 F.2d at 305, and to whom he may delegate his own authority, *In re Application of President's Comm'n on Organized Crime*, 763 F.2d 1191, 1200 (11th Cir. 1985).

And for all these reasons, a court-appointed U.S. Attorney also bears no resemblance whatsoever to the low-ranking cadet-engineer in *Perkins*, 116 U.S. at 484. Thus, because court-appointed U.S. attorneys do not fall within the narrow exception for "inferior officers with limited duties and no policymaking or administrative authority," the constitutional default applies. *Seila Law*, 591 U.S. at 218.

**2.** Rogoff provides his own spin on precedent, downplaying the significance of the President's removal power and aggressively marketing Senate confirmation as somehow empowering the President. These maneuvers only confirm the error of his newfangled theory.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

20

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

Rogoff acknowledges—as he must—that *Seila Law* countenanced tenure protections only for "*certain* inferior officers." Mot. 18 (quoting *Seila Law*, 591 U.S. at 204) (emphasis added). But Rogoff argues for restrictions on removal that go far beyond the inferior-officer exception the Supreme Court has recognized. The naval cadet in *Perkins* was removable for "misconduct," 116 U.S. at 485, and the special counsel in *Morrison* was removable for "good cause," 487 U.S. at 663. But according to Rogoff, the President cannot remove a court-appointed U.S. attorney for *any* reason unless the Senate agrees on a replacement—which it can refuse to do on any basis.

Rogoff proposes that "inferior officers may be made removable only for cause and not at will if their decisions are reviewable by a superior," Mot. 17 (citation modified), but that cannot be right. That would suggest that all or virtually all inferior officers could be made removable only for cause, because inferior officers are generally defined as those who "ha[ve] a superior" other than the President. *Edmond v. United States*, 520 U.S. 651, 662 (1997). Yet *Seila Law* clarified that only "inferior officers with limited duties and no policymaking or administrative authority" can be protected from removal. 591 U.S. at 218.

*Slaughter* further undermines Rogoff's arguments. He claims that *Slaughter* "did not address the propriety of removal protections for inferior officers." Mot. 18. That is wrong. *Slaughter*—to say nothing of *Seila Law* before it—situated the President's removal authority in the Vesting Clause of Article II. *Slaughter*, 146 S. Ct. at 2306. And *Slaughter* was clear: "[s]ubordinates who exercise the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

21

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

President's power" must be "subject to removal by him." *Id.* at 2310. That "chain of dependence" includes "*the lowest officers*, the middle grade, and the highest." *Id.* at 2296 (emphasis added and citation omitted). Indeed, the dissenters in *Slaughter* accused the majority of effectively overruling *Perkins* and *Morrison*, *id.* at 2343–44 (Sotomayor, J., dissenting) (observing that there is not "much in the majority's logic that supports drawing a line at principal officers"), and the majority conspicuously did not disagree, even while pointing to *other* types of officers that it was not addressing, *id.* at 2306 (majority opinion) (leaving "for another day" questions concerning Tax Court and Court of Federal Claims judges). *Slaughter* thus confirms that, to the extent the *Perkins*/*Morrison* exception retains any validity, it must be construed narrowly and cannot be expanded, as Rogoff attempts here.

Even as he attempts to wish away *Slaughter*, Rogoff seeks to conscript *Braidwood* and *United States v. Arthrex, Inc.*, 594 U.S. 1 (2021), to his cause. But those cases say absolutely nothing about the President's constitutionally vested authority to remove inferior officers. And that makes sense. The only legal question in both of those cases was whether the appointment of the officers at issue was constitutional. Because those officers were not appointed with Senate advice and consent, they had to be inferior officers to avoid an Appointments Clause violation. And that question depends on the relationship between a given officer and a principal officer, not the relationship between the officer and the President. *See Arthrex*, 594 U.S. at 13 (explaining that "whether [an officer] . . . is an inferior depends on whether he has a superior *other than the President*." (emphasis added)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

22

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

(citation modified). The fact that the Court merely referred to removal restrictions for the inferior officers at issue there was not remotely a holding that such restrictions are valid, especially after *Slaughter*. And at a bare minimum, the Task Force Members in *Braidwood* and the Administrative Patent Judges in *Arthrex* are distinguishable from U.S. Attorneys, who wield the President's "conclusive and preclusive" Article II power over criminal prosecutions. *Trump*, 603 U.S. at 597.

Rogoff downplays the importance of the removal power, and claims that taking it away still leaves the President with "ample control." Mot. 17. But the general rule of the President's at-will removal authority is no optional add-on. Rather, officers "remain accountable to the President" "*only*" when "subject to removal by him." *Slaughter*, 146 S. Ct. at 2310 (emphasis added). Obviously so— "it is only the authority that can remove" an officer "that he must fear and, in the performance of his functions, obey." *Bowsher*, 478 U.S. at 726 (citation omitted). Under these precedents, Rogoff's thesis that "Congress may restrict the removal of inferior officers so long as 'the President remains responsible for the exercise of executive power'" (Mot. 16 (citation omitted)) is topsy-turvy, transforming the narrow exception to at-will removal power into a generally applicable rule.

Rogoff next proposes substitutes for the removal power. He suggests that the President can use the FVRA or cajole the Senate to avoid or remove a court-appointed U.S. attorney, respectively. Mot. 16. And he insists that, because the Attorney General can "direct[]" the "conduct of litigation" for the United States, 28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

23

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

U.S.C. §§ 516, 518, 519, the President can exercise control over a court-appointed U.S. attorney through a principal officer, Mot. 17 (citation omitted).

Such arguments for eroding the President's removal power have already been foreclosed. "[B]road power over" U.S. attorneys "is not equivalent to the power to remove" them, *Free Enter. Fund*, 561 U.S. at 504, and "the various bureaucratic minutiae a President might use to corral agency personnel is no substitute for at will removal," *Seila Law*, 591 U.S. at 231 (quotations omitted). The Supreme Court has accordingly rejected attempts to "brainstorm[] methods of Presidential control short of removal." *Seila Law,* 591 U.S. at 231. Besides, Rogoff's argument proves too much. Many Cabinet Secretaries are statutorily given "direction, authority, and control over" their departments. 6 U.S.C. § 112(a)(2) (DHS); *see also* 10 U.S.C. § 113(b) (War); 15 U.S.C. § 1513 (Commerce); 22 U.S.C. § 2651a(a)(3)(A) (State); 31 U.S.C. § 321(c) (Treasury). Under Rogoff's view, Congress could insulate virtually every inferior officer in each of those agencies from removal. That is not the law.

## C.    Plaintiff's Appointments Clause argument is meritless.

Rogoff also argues that his removal "negate[d] Congress's exercise of its constitutionally granted power" to vest his appointment in this Court, and thereby violates the Appointments Clause and the separation of powers. Mot. 14. Rogoff's Appointments Clause and separation of powers arguments add nothing to his statutory claims. As already explained, Congress expressly provided in § 541(c) that Rogoff was "subject to removal by the President." Rogoff makes no effort to explain why Congress could not make that decision. And even if, per Rogoff's theory, Congress (unconstitutionally) prohibited the President from removing Rogoff, his

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

24

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

removal at worst would be a statutory violation, not a constitutional one. *Dalton v. Specter*, 511 U.S. 462, 472 (1994).

More to the point, there is no colorable argument that the President *removing* an executive officer violates the *Appointments* Clause. At most, that Clause might have purchase in the removal context under the default "principle" that "the power of appointment carrie[s] with it the power of removal." *Myers*, 272 U.S. at 119. But that rule has never been applied to *executive* officers appointed by a "Court[] of Law," U.S. Const. art. II, § 2, cl. 2, and no one suggests that this Court could itself have removed Rogoff, *see supra* Part I.A.2.a. Nor has the Appointments Clause ever been placed at odds with the Vesting Clause, from which "stems" the "President's removal power" over his subordinates, *Seila Law*, 591 U.S. 226—including U.S. attorneys.

Additionally, nothing about the President's ability to remove Rogoff offends Congress's decision to vest his appointment in this Court in the first instance. That the President has the power to "remove" a U.S. attorney "does not negate the court's power to appoint them." *Cf. United States v. Donziger*, 38 F.4th 290, 302 (2d Cir. 2022). That the President ultimately removed Rogoff does not change the fact that the Court appointed him—or, for that matter, the fact that the President had to *affirmatively* act to revert to the status quo. Had the President done nothing, Rogoff would be the chief law enforcement officer of the district today.

## II. PLAINTIFF CANNOT DEMONSTRATE IRREPARABLE HARM.

Rogoff has also failed to demonstrate irreparable harm. It takes a "genuinely extraordinary situation" for loss of employment to constitute irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974). That is especially so in the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

25

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

government employment context, given "the obviously disruptive effect" an injunction would have on government processes, the "well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs," and "the traditional unwillingness of courts of equity to enforce contracts for personal service." *Id.* at 83 (citation modified). Accordingly, Rogoff must "make a much stronger showing of irreparable harm than the ordinary standard for injunctive relief." *Hartikka v. United States*, 754 F.2d 1516, 1518 (9th Cir. 1985); *see also Farris v. Rice*, 453 F. Supp. 2d 76, 79 (D.D.C. 2006) (noting that "cases are legion holding that loss of employment does not constitute irreparable injury") (collecting cases).

He cannot. The reasons underlying *Sampson*'s strong presumption apply fully here. It would be undoubtedly disruptive to "saddle [the President] with" a U.S. attorney "with whom he *cannot* work," *Slaughter*, 146 S. Ct. at 2310—especially so given that Rogoff's sole theory for Presidential control is micromanagement via the Attorney General or Senate permission. And the President's prerogative to manage his Branch's internal affairs is at its apex here, where the U.S. attorney exercises core executive powers.

Rogoff points to "the deprivation of [his] 'statutory right to function'" and "[h]arm to [the] agency" to justify his request for injunctive relief. Mot. 20 (citations omitted). But if deprivation of a statutory right to function were enough, it would not take a "genuinely extraordinary situation" at all to establish irreparable harm. *Sampson*, 415 U.S. at 92 n.68. Indeed, such a rule would flip *Sampson* on its head;

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

26

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

government officials would have an *easier* time obtaining injunctive relief. And Rogoff's claim that he is gravely injured by losing the "right to perform [his] duties" (Mot. 21) rings especially hollow given his acknowledgment that the Attorney General "may reassign or personally assert control over a U.S. Attorney's cases," Mot. 17 (citing 28 U.S.C. §§ 516, 518(b), 519).

Nor can Rogoff point to harm to the U.S. Attorney's Office to satisfy this prong. "A plaintiff seeking a preliminary injunction must establish that *he* is likely to . . . suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20 (emphasis added). Rogoff's concern for the U.S. Attorney's Office has no purchase when it comes to irreparable harm *to himself*. His inapt citation to *Aviel v. Gor*, 780 F. Supp. 3d 1 (D.D.C. 2025)—nonbinding in any event—confirms the point. The district court in *Aviel* considered harm to the agency relevant to the extent that, if the agency *no longer existed* by the time litigation concluded, reinstatement would not remedy the plaintiff's injury. *Id.* at 14 ("Reinstatement matters little if the officer of a government organization returns to a pile of rubble."). Rogoff does not and cannot seriously claim that, in his absence, the U.S. Attorney's Office for the Western District of Washington will cease to exist.

## III. THE BALANCE OF THE EQUITIES AND THE PUBLIC INTEREST WEIGH AGAINST PLAINTIFF'S REQUESTED RELIEF.

When "the government opposes a preliminary injunction, the third and fourth factors merge into one inquiry." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021). That inquiry weighs strongly against Rogoff.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

27

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

Binding precedent forecloses Rogoff's requested relief. As the Supreme Court has already explained, "the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." *Wilcox*, 145 S. Ct. at 1416–17). For that reason, the Supreme Court stayed the reinstatement of members of the National Labor Relations Board and the Merit Systems Protection Board. *Id.* In extending that result to another challenge involving the Consumer Product Safety Commission, the Supreme Court directed that its interim orders "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 606 U.S. ___, 145 S. Ct. 2653, 2654 (2025).

This is a like case. Until the Court reaches a final resolution, the Supreme Court has taken it out of debate that the balance of harms weighs against an individual seeking reinstatement as a U.S. attorney.

That should end the analysis. Rogoff's only response is to rehash his (wrong) merits arguments and to suggest that his removal "jeopardizes all of the office's work." Mot. 21–23. He attempts to dismiss *Wilcox* and *Boyle* by claiming that "[t]he government cannot suffer harm from an injunction that ends an unlawful practice." *Id.* at 23. But the Supreme Court has indicated just the opposite—*without* "conclu[ding]" anything "as to the merits," it held that the Government faced greater risk of harm from a wrongful reinstatement than the plaintiff faced from wrongful removal. *Boyle*, 145 S. Ct. at 2654. Rogoff also claims that the public interest is implicated by harm to "the separation of powers." Mot. 21. Quite right, but strongly

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION                28
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

cutting against him. The separation of powers would certainly be harmed if a court-appointed U.S. attorney could exist as a separate, unremovable entity in the Executive Branch.

Nor does Rogoff's claim that his absence "endangers the fair and orderly administration of justice" hold any water. *Id.* at 22. Rogoff repeatedly invokes the FVRA as a talisman and accuses Defendants of circumventing it. *See id.* at 5, 10, 11, 16. But the "functions" of U.S. attorneys "are vested in the Attorney General," 28 U.S.C. § 509, who may re-delegate such functions to "any other officer, employee, or agency of the Department of Justice" as he sees fit, *id.* § 510; *see also United States v. Ramirez*, 807 F. Supp. 3d 1086, 1112–14 (C.D. Cal. 2025). Even without Rogoff, then, the U.S. Attorney's office of this district could continue to function under the supervision of Main Justice leadership and other attorneys in the U.S. Attorney's office.

*Trump v. Cook*, 609 U.S. ___, 146 S. Ct. 2234 (2026), is in no way a retreat from *Wilcox*. *Contra* Mot. 19. There, the Supreme Court upheld an order preliminarily enjoining the removal of a Governor of the Federal Reserve. But it rejected the Government's stay request based on the Federal Reserve's "unique historical status and role," its quasi-private status, and the fact that its independence "is key to [its] design." *Cook* 146 S. Ct. at 2249; *see also id.* at 2246 (limiting consideration of stay motion to the merits). None of that applies to purely executive officers like United States attorneys. *Cook* gives no reason to depart from *Wilcox*'s insight that "allowing a removed officer to continue exercising the *executive*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

29

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

power" visits greater harm on the Government than prohibiting that officer from performing his statutory duty. *Wilcox*, 145 S. Ct. at 1416 (emphasis added); *see also id.* (distinguishing the Federal Reserve as a "uniquely structured, quasi-private entity").

## IV. ANY INJUNCTIVE RELIEF SHOULD BE STAYED AND ACCOMPANIED BY A BOND.

To the extent the Court issues any injunctive relief, Defendants respectfully request that such relief be stayed pending the disposition of any appeal that is authorized or, in the alternative, a 14-day administrative stay to provide Defendants the opportunity to seek emergency relief in the Ninth Circuit.

In evaluating a stay request, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citation omitted).

For the reasons explained above, Rogoff's claims are meritless. But should the Court disagree, Defendants have at the least raised "serious legal questions." *Id.* at 968 (citation omitted). Whether "[e]ach United States attorney" (28 U.S.C. § 541(c)) includes United States attorneys appointed by district courts, whether the President can remove the chief federal law enforcement officer in a district, and whether a U.S. attorney can be made entirely unremovable absent consent of the Senate are, at minimum, serious legal questions.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

30

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

Defendants have also shown irreparable harm. When a court orders the reinstatement of an executive officer, "[a] stay is appropriate to avoid the disruptive effect of the repeated removal and reinstatement of officers during the pendency of [the] litigation." *Wilcox*, 145 S. Ct. at 1417. Just so here. The first assistant U.S. attorney has been performing the duties of the U.S. attorney for months. It does not serve the public interest to toggle back-and-forth between who possesses "[r]esponsibility for prosecution and the precedent investigation" of federal crimes in the Western District of Washington. *Arnpriester*, 37 F.3d at 467. Nor does it serve the public to diffuse accountability by reinstating an unremovable U.S. attorney. *Slaughter*, 146 S. Ct. at 2291 (noting that a "plurality in the executive … tends to conceal faults and destroy responsibility" (citation modified)).

These same considerations also demonstrate that, at minimum, a temporary administrative stay pending appeal is warranted. An administrative stay would "not constitute in any way a decision as to the merits of" the substantive motion for a stay pending appeal. *Oregon v. Trump*, 154 F.4th 1161, 1164 (9th Cir. 2025) (citation omitted). Its "touchstone" is "the need to preserve the status quo," which "necessarily depends on the facts of [the] case" and the "real-world effects" of granting an administrative stay. *Id.* (quotations omitted). Here, an administrative stay would preserve the status quo that was in place at the time the plaintiff sued and has been in place since February—with the exception of a single hour on July 15.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

31

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

Defendants also respectfully request that any injunctive relief accompany a bond under Rule 65(c), which provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."   A bond is appropriate here given that any preliminary relief would likely result in salary and benefit payments that may not be recouped once distributed.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion.

DATED: August 11, 2026                Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch

DIANE KELLEHER
Director, Federal Programs Branch

JEREMY S.B. NEWMAN
Chief Litigation Counsel, Federal Programs Branch

JOSHUA S. HA
Counsel to the Assistant Attorney General

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

32

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: (206) 553-7970
brian.kipnis@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 8,323 words, in compliance with the Local Civil Rules.*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

33

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, I electronically filed the foregoing Opposition to Plaintiffs' Motion for Preliminary Injunction using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: August 11, 2026                    */s/  Brian Kipnis*

                                                   BRIAN KIPNIS

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
*[Rogoff v. Trump, et al.*, No. 2:26-cv-2566-SAB]

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Tel: 202-305-0845