UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER ROGOFF,<br>Plaintiff,<br>v.<br>DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; and U.S. DEPARTMENT OF JUSTICE,<br>Defendants. | No. 2:26-CV-02566-SAB<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court is Plaintiff's Motion for Preliminary Injunction, ECF No. 8. A hearing on the motion was held on October 1, 2026. Plaintiff was represented by Connor Hoge, Cynthia Long, Daniel Kalish, Donald B. Verrilli, Jr., Hailyn J. Chen, Jason A. Rittereiser, Shannon G. Aminirad, and Victoria A. Degtyareva. Defendants were represented by Brian C. Kipnis.

Plaintiff asks the Court to enter a preliminary injunction against Defendants invalidating his removal as U.S. Attorney for the Western District of Washington,

restoring him to that position, and ensuring that he can continue to serve as U.S. Attorney unimpeded by Defendants until a Senate-confirmed U.S. Attorney is appointed.

**Background**

On July 15, 2026, the judges in the Western District of Washington appointed Plaintiff Roger Rogoff as U.S. Attorney pursuant to 28 U.S.C. § 546(d). The Court's appointment order stated: "Mr. Rogoff is authorized to serve as the United States Attorney for the Western District of Washington until the vacancy is filled by an officer appointed by the President with the advice and consent of the Senate in accordance with the United States Constitution, Article II, Section 2 and 28 U.S.C. § 541(a)." He was sworn in that same day.

Less than an hour after he was sworn in, an email to Rogoff from the Deputy Director of Presidential Personnel stated: "the President of the United States has directed that I inform you that, pursuant to his authority under 28 U.S.C. § 541(c) and Article II of the Constitution, you are hereby removed from the office of the United States Attorney for the Western District of Washington."

Recently, President Trump nominated Simon Peter Serrano to be the U.S. Attorney for the Western District of Washington and directed Charles Neil Floyd to perform the functions and duties of the office of the U.S. Attorney for the Western District of Washington. ECF No. 42. These actions were taken after Plaintiff was appointed by the Court.

**Motion Standard**

A plaintiff seeking a preliminary injunction must demonstrate that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public's interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where there are "serious questions going to the merits" and "a hardship balance that tips sharply toward the plaintiff,"

if the other two elements are met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

**Legal Framework**

28 U.S.C. § 546 provides a sequential framework for filling temporary vacancies in the position of U.S. Attorney. First, the Attorney General may appoint a U.S. Attorney for the district where the office of U.S. Attorney is vacant. § 546(a). An AG-appointed interim U.S. Attorney serves until the earlier of being appointed by the President and confirmed by the Senate or 120 days after the appointment. § 546(c). If the 120-day period expires without a presidential appointee, the district courts may appoint a U.S. Attorney, who serves until the vacancy is filled. § 546(d).

**Analysis**

Plaintiff has met the requirements for obtaining a preliminary injunction. Initially, the Court notes that Defendants have not disputed that the judges in the Western District of Washington acted in accordance with the express terms of 28 U.S.C. § 546.[1] In October 2025, then Attorney General Pam Bondi appointed

---

[1] (a) Except as provided in subsection (b), the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant.

(b) The Attorney General shall not appoint as United States attorney a person to whose appointment by the President to that office the Senate refused to give advice and consent.

(c) A person appointed as United States attorney under this section may serve until the earlier of—

(1) the qualification of a United States attorney for such district appointed by the President under section 541 of this title; or

Charles Neil Floyd as interim U.S. Attorney pursuant to § 546(a). He was sworn in on October 6, 2025. Since then, the time period for interim appointments passed and the interim appointment power properly shifted to the district court. Indeed, Defendants rely on this appointment to argue Plaintiff was subject to removal by the President.

**(1) Likelihood of Success on the Merits**

Plaintiff is likely to succeed on the merits because section 546(d) precludes his firing by the President. This case starts and ends with the U. S. Constitution and the central principle of the separation of powers. The Court is ruling with these fundamental principals in mind.

U.S. Constitution, Article 2, Section 2, Clause 2 provides the foundation:

> [The President] shall have power, by and with the advice and consent of the Senate, to make treaties, provided two thirds of the Senators present concur; and he shall nominate, and by and with the advice and consent of the Senate, shall appoint ambassadors, other public ministers and consuls, judges of the Supreme Court, and all other officers of the United States, whose appointments are not herein otherwise provided for, and which shall be established by law. . .

Const. Art. 2, Sec. 2 cl. 2.

Generally, the President has the power to nominate many officers—who then need to be confirmed by the Senate. However, "inferior officers" are treated differently.[2]

---

(2) the expiration of 120 days after appointment by the Attorney General under this section.

(d) If an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of the court.

[2] The parties agree, and the law is clear, that the office of U.S. Attorney is an "inferior office" as that term is used in Article 2.

> . . . *but* the Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of departments.

*Id.* (emphasis added).

This provision in the Constitution provides a check on Executive power and authority both by the way it is positioned within Article 2, beginning with the contours of the Executive powers, and the way it is worded, including the phrase "but the Congress." This phrase clarifies that the powers granted and defined in the first part of the clause are limited by the second part of the sentence.

This begs the question, then—to whom did Congress vest the appointment of inferior officers? That is answered by 28 U.S.C. §§ 541 and 546.

Section 541(a) states the vacancy can be filled first by the President subject to Senate confirmation. Section 546 provides that absent the nomination/confirmation process, the Department Head (Attorney General) can fill the vacant position for a limited period of time. § 546(a),(c). Once that time expires, the District Court may appoint a U.S. Attorney *until that vacancy is filled*. It does not say until that person is fired by the President. § 546(d).

In other words, Congress did *not* give the power to fill this "inferior office" to the President alone. In fact, Congress had the power to make the choice, and it made that choice in three ways:

- Under some circumstances a vacancy can be filled by the President—but unless there is a Senate confirmation, such appointment has a time limitation. 5 U.S.C. §§ 3345-3346.
- Under some circumstances a vacancy can be filled by the Attorney General as Department Head, but again, such an appointment has a time limitation. 28 U.S.C. § 546(a-c).
- Under some circumstances a vacancy can be filled by the Court. And under these circumstances, there is no time limitation. 28 U.S.C. §

546(d).

Thus, only Senate-confirmed presidential appointments and court-appointed U.S Attorneys are not limited by a fixed expiration date.

The U.S. Constitution and statutes set out a clear framework for the process of appointing a U.S. Attorney. What needs to be decided in this case, and which appears to be one of first impression, is under the framework described above, can the President fire a U.S. Attorney appointed by the District Court? The answer to that question involves careful reading of the Article 2—the Appointments Clause—and the three statutes discussed above. In doing so, the Court must give effect to all these provisions, not an interpretation that nullifies parts of the whole.

Can the President fire a court-appointed U.S. Attorney? No. The President cannot unilaterally fire a U.S. Attorney appointed by the Court. A court-appointed U.S. Attorney is not an acting U.S. Attorney nor are they an interim U.S. Attorney. Section 546(d) provides that a court-appointed U.S. Attorney serves until "the vacancy is filled," which can only be done by the nomination/confirmation process

Section § 546(d) provides "a sensible framework that tends to prevent the passage of lengthy periods of time without a United States Attorney in place." *United States v. Hilario*, 218 F.3d 19, 23 (1st Cir. 2000) ("Congress may well have determined that it would be worse for a district to be without a United States Attorney than for the district to have one who had not been nominated and confirmed in the ordinary course.")

According to Defendants, 28 U.S.C. § 541(c) applies to court-appointed U.S. attorneys, and therefore, the President possesses statutory authority to remove court-appointed U.S. attorneys. Defendants argue that § 541(c) is the only provision addressing the removal of U.S. Attorneys. This is true, in part. But it is limited to the removal of U.S. Attorneys in office by the nomination/confirmation process contemplated by § 541(a), not court-appointed U.S. Attorneys appointed pursuant to a separate statute, § 546(d). Defendants' interpretation would render

meaningless the limits 28 U.S.C. § 546 imposes on the Executive's ability to circumvent the Senate's advice-and-consent framework. Thus, while the President has the power to remove executive officer whom he has appointed, *see Trump v. United States*, 603 U.S. 593 (2024), it does not follow he has authority to remove executive officers that he has *not* appointed. Notably, while Defendants argue the President has constitutional removal powers, they have not provided any legal support or citation to prove their premise.

Allowing the President to fire a court-appointed U.S. Attorney would upend the framework created by the Constitution and the statutory framework, which together balances the President's right to appoint and the Senate's right to confirm. Allowing the President to fire a court-appointed U.S. Attorney also eliminates the incentive to nominate a candidate that can be conferred by the Senate—in other words, bypassing the requirement that the Executive and Legislative branches work together to nominate and confirm the U.S. Attorney.

Reading and applying §§ 541 and 546 to cover different scenarios is the only interpretation that maintains a coherent regulatory scheme. Neither Congress nor the President can unilaterally and permanently fill the office. The two branches must work together to fill the office for longer than the short periods of time authorized by the statutes. When the two branches refuse or fail to cooperate in the nomination/confirmation process, then and only then can the Court act to file the role. Once the Court acts and fills the rule, however, that decision can be changed *only* by the nomination/confirmation process.

Under this framework, the Court concludes the following:

1. Roger Rogoff is the U.S. Attorney for the Western District of Washington and has been the rightful holder of that office since July 15, 2026.
2. Simon Peter Serrano is not the U.S. Attorney for the Western District of Washington because he has only been nominated but not confirmed by

the Senate.

3. Charles Neil Floyd is not the U.S. Attorney in the Western District of Washington because the Court had already acted prior to the President's Order, and Mr. Floyd has not been either nominated or confirmed.

**(2) Irreparable harm**

Plaintiff has shown that his purported removal as U.S. Attorney will cause him irreparable harm absent injunctive relief. Plaintiff has a statutory right to function as the U.S. Attorney for the Western District of Washington. Additionally, Plaintiff's removal would leave the U.S. Attorney's office with no lawfully appointed head, jeopardizing the functioning of the office.

**(3) Balance of equities**

The balance of equities favors the granting of a preliminary injunction. Defendants have not shown they would suffer harm where an injunction would end an unlawful practice. Moreover, this case concerns Congress's exercise of its constitutional authority to vest the appointment poser in the court, plus the Executive attempts to evade Senate advice and consent, which tip in favor of Plaintiff. The unlawful wielding of federal prosecutorial power by someone without authority to do so injures the public interest.

**(4) Public Interest**

The public interest is strongly in favor of granting a preliminary injunction. Failure to grant the injunction would result in the executive branch flaunting the Court's Orders. Failure to grant the injunction would upend the balance between the executive, judicial, and congressional branches of the government that is set out in the U.S. Constitution, as well as § 546. Allowing the President to fire Plaintiff at will (and any other U.S. Attorney duly and lawfully appointed by the Court) would undo the careful balancing put in place by Congress when it passed § 546.

The public has an interest in the proper administration of justice. It is unclear

whether the U.S. Attorney's office can properly function without a lawfully appointed U.S. Attorney, or whether continuing to do so would result in dismissal of criminal actions. Lawful appointments matter because a U.S. Attorney exercises considerable prosecutorial discretion with little day-to-day judicial review.

**Bond or Stay**

The Court does not find a stay of this Order is necessary. Plaintiff has made a strong showing of success. He has shown he will be irreparably harmed if the case is stayed. Defendants have not shown a strong likelihood of success, irreparable injury, or that the balance of hardship tips in their favor. It is in the public's interest to have the Executive branch follow the law and Plaintiff has been duly sworn in. No bond is needed because the Government would not be harmed and would receive the benefit of Plaintiff's service.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Preliminary Injunction, ECF No. 8, is **GRANTED**.

2. Defendants' Unopposed Motion for Order Taking Judicial Notice, ECF No. 42, is **GRANTED**.

3. Because Plaintiff has met his burden of showing that the granting of a preliminary injunction is appropriate, the Court orders the following:

   (a) Until the vacancy of the Office of the U.S. Attorney for the Western District of Washington is filled via Senate confirmation, Defendants Executive Office of the President, Acting Attorney General Todd Blanche, and the Department of Justice shall not:

      (i) Effectuate any purported firing of Plaintiff Roger Rogoff from his position as U.S. Attorney for the Western District of Washington;

(ii) Purport to remove Plaintiff Roger Rogoff from his position as U.S. Attorney for the Western District of Washington or in any way treat him as having been removed;

(iii) Deny or obstruct Plaintiff Roger Rogoff from accessing any of the benefits or resources of his position as U.S. Attorney for the Western District of Washington;

(iv) Otherwise obstruct Plaintiff Roger Rogoff from his ability to carry out the duties of the U.S. Attorney for the Western District of Washington; or

(v) Treat any individual other than Plaintiff Roger Rogoff as U.S. Attorney for the Western District of Washington or the chief federal law enforcement officer of the district.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 1st day of October 2026.

Stanly A. Bastian
U.S. District Judge